UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON F. RANTEESI,<br><br>Petitioner,<br><br>v.<br><br>GARY SWARTHOUT.,<br><br>Respondent. | No. 2:13-cv-2482 KJM CKD P<br><br><br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

  Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

  Petitioner challenges a March 2008 disciplinary conviction for refusing to work in violation of California Code of Regulations Title 15, § 3041(a), resulting in the loss of thirty days of work-time credits. Petitioner asserts that his due process rights were violated because prison officials denied his request to have Correctional Officer Cunningham appear as a witness at his disciplinary hearing.

  An inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following:

1

1) Advance written notice of the charges;

2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his or her defense;

3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

4) That the findings of the prison disciplinary board be supported by some evidence in the record.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Although an inmate has a right to call witnesses at his disciplinary hearing, certain witnesses may be denied on the basis of "irrelevance, lack of necessity, or the hazards presented in individual cases." Wolff v. McDonnell, 418 U.S. 539, 566 (1974).  There is no due process violation for refusing a prisoner's request to call witnesses whose testimony would be repetitive, irrelevant, or unnecessary.  Bostic v. Carlson, 884 F.2d 1267, 1271 (9th Cir. 1989); Pannell v. McBride, 306 F.3d 499, 503 (7th Cir. 2002); see, e.g., Jones v. Virga, No. 2:12-cv-1138 LKK GGH P, 2013 WL 6383248, **8-9 (E.D. Cal. 2013) (no due process violation where petitioner submitted no evidence that requested witness was relevant to proceedings).  Additionally, although useful, prison officials are not required to state reasons for disallowing a witness' testimony.  Wolff, 418 U.S. at 566.

Here, petitioner presents no evidence that Officer Cunningham's testimony would have been relevant to his defense at the disciplinary hearing.  Rather, the record indicates that "CO Cunningham was not the Reporting Employee" on the day of the incident (ECF No. 1 at 35), and that the purported content of Cunningham's testimony would not have changed the result of the hearing (see id. at 8-9, 31-32, 38-39).  Moreover, the record of the March 2008 disciplinary hearing does not indicate that petitioner requested Cunningham as a witness, or that such a request was denied.  (Id. at 38.)

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Because it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas

relief on his due process claim, the undersigned will recommend that the petition be summarily dismissed pursuant to Rule 4.

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is granted; and

2. Petitioner's request for appointment of counsel (ECF No. 3) is denied.

IT IS HEREBY RECOMMENDED that the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 27, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/rant2482.R4_fr

3