UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON F. RANTEESI, | No.  2:13-cv-2482 KJM CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GARY SWARTHOUT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserts that a 2008 disciplinary conviction violated his due process rights.  (ECF No. 1.)  Before the court is respondent's motion to dismiss the petition on the grounds that it is untimely, procedurally barred, and contains claims not cognizable in federal habeas.  (ECF No. 14.)  Petitioner has filed an opposition to the motion (ECF No. 15), and respondent has filed a reply (ECF No. 16).  For the reasons set forth below, the court will recommend that respondent's motion be granted.

## ANALYSIS

I. Facts

In 2006, petitioner was convicted of first degree murder and sentenced to a term of 26 years to life in prison.  (ECF No. 14-1 at 3.)

In April 2008, following a prison disciplinary hearing, petitioner was found guilty of refusing to work in violation of Cal. Code of Regulations Title 15, § 3041(a).  (ECF No. 1 at 1.)

1

He filed an administrative appeal of the conviction, which was denied at the Director's Level, the final level of administrative review, on December 12, 2008. (ECF. No. 14-1 at 22-23.)

On December 12, 2012, petitioner constructively filed a petition in the Solano County Superior Court challenging the disciplinary conviction.[1] (ECF No. 14-1 at 2-16.) On February 20, 2013, the superior court denied the petition as untimely. (Id. at 50-51.) Petitioner filed a successive petition in the superior court, which was denied on April 23, 2013. (Id. at 54-56.) Petitioner also filed petitions challenging the conviction in the state appellate court and the California Supreme Court, the latter of which was denied on June 26, 2013. (ECF No. 14-2 at 78-80; see also ECF No. 15 at 3.)

On November 21, 2013, petitioner constructively filed the instant federal petition. (ECF No. 1.)

II. Statute of Limitations Under the AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v.Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] "Under the mailbox rule, a prisoner's pro se habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.'" Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to federal and state petitions alike. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003).

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

III.  Discussion

Where, as here, habeas petitioners challenge administrative decisions, AEDPA's one-year limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. §2244(d)(1)(D). "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012), citing Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003). As petitioner's administrative appeal was denied at the Director's Level on December 12, 2008, the limitations period began on December 13, 2008 and, absent tolling, expired on December 13, 2009.

Petitioner did not file a state collateral challenge to the conviction until December 2012, three years after the limitations period ended, and his petition to the superior court was expressly denied as untimely. Thus, this and subsequent state petitions were not "properly filed" so as to

3

1  toll the running of the limitations period.  Moreover, a state court habeas petition filed beyond the
2  expiration of AEDPA's statute of limitations does not toll the limitations period under
3  §2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276
4  F.3d 478, 482 (9th Cir. 2001).  Accordingly, petitioner is not entitled to statutory tolling.

5  In opposition to the motion, petitioner argues that he is entitled to equitable tolling.  The
6  limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has
7  been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
8  way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner bears the burden of alleging
9  facts that would give rise to tolling.  Id. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).

10  Petitioner asserts that in April 2009 he received a letter from the Inmate Appeals Branch
11  stating that "there is no six month time constraint" on filing a lawsuit challenging his disciplinary
12  conviction.  (ECF No. 15 at 4.)  This letter is attached to the petition as Exhibit F.  (ECF No. 1 at
13  46.)  Petitioner seems to suggest that, based on this letter, he believed there was *no* deadline for
14  filing a state habeas petition.  (ECF No. 15 at 4.)  Such a belief does not entitle him to equitable
15  tolling.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (prisoner's ignorance of
16  AEDPA's requirements is not a basis for equitable tolling) (citing cases).  Also, because
17  petitioner did not file a state habeas petition until December 2012, he fails to show diligence on
18  this record.

19  Petitioner further asserts that, at certain times, he was on lockdown or housed in
20  administrative segregation; that he was transferred to another prison; that he lacked education and
21  legal knowledge; and that he had limited time in the law library.  (ECF No. 15 at 6.)  None of
22  these are "extraordinary circumstances" that meet the high bar for equitable tolling under
23  AEDPA.  Moreover, petitioner has made no substantial showing of diligence during the years
24  between his conviction becoming final in December 2008 and his first legal challenge to that
25  conviction in December 2012.  Thus equitable tolling does not render the petition timely.

26  Based on the above, the undersigned will recommend that the petition be dismissed for
27  untimeliness and need not reach respondent's alternative arguments for dismissal.
28  /////

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Respondent's motion to dismiss the petition (ECF No. 14) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 15, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / rant2482.mtd

5